FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN 28 PM 2: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 2 8 1997

| | |
|---|---|
| ARA PARKER, | ) |
| Plaintiff, | ) |
| v. | ) CV-96-PT-1500-S |
| CITY OF ADAMSVILLE, and | ) |
| JOHN JACKSON, individually and as | ) |
| police officer for the City of Adamsville, | ) |
| TONY WINNETT, individually and as | ) |
| police officer for the City of Adamsville, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This cause comes on to be heard on defendant's Motion for Summary Judgment filed on December 19, 1996.

To the extent that the plaintiff purports to make a Fifth Amendment claim, the individual defendants' motion will be granted based upon both qualified immunity and the merits. There is no clearly established law that the facts of this case raise issues of public concern. See Williams v. Alabama State Univ., 1997 WL 542, to be reported at 102 F.3d 1179 (11th Cir. 1997). Further, there is not sufficient evidence to support such a claim.[1] There is not sufficient evidence to hold the City of Adamsville (City) liable under a Monell analysis or on the merits. There is no evidence

---

[1] It is not clear that such a claim is even being made.

1

25

that a First Amendment violation resulted from any custom, practice, or policy of the City. The motion will likewise be granted as to any purported Fourth Amendment seizure claim, for obvious reasons.

While it is not clear under what constitutional provision the excessive force claim is made, it is apparent that plaintiff makes such a claim either under the Fourteenth Amendment Due Process Clause or otherwise. See Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed.2d 447 (1979); Graham v. Cannon, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989). While, if defendant's evidence is substantially true, it is highly unlikely that plaintiff will prevail at trial, the court cannot determine, as a matter of law, that the force used was not excessive.

The motion will be granted as to the failure to train issue. There is no reasonable inference that the acts complained of resulted from a failure to train.

This 24th day of January, 1997.

Robert B. Propst
Senior United States District Judge

2